FI[L]...
IN CLE[RK'S OFF]ICE
US DISTRICT COURT E.D.N.Y.

★  MAR 3 0 2012  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

FELIX RIVERA,

                       Plaintiff,

           - against -

P.O. DONNELL MEYERS, LT. GERALD
PIZZANO, CAPT. JAMES RYAN, DET.
EDWARD ROURKE, DET.PHILIP
SCARANGELLA, DET. DALE SCHULTZ,
DET.KEVIN CONCANNON, DET. PENELOPE
SEAMAN, and DET. PHILIP LUCIA,

                    Defendants.

-------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 2064 (BMC)

**COGAN**, District Judge.

On March 15, 2011, plaintiff Felix Rivera brought this *pro se* action under 42 U.S.C. §
1983 alleging that he was falsely arrested and that his home was searched without a warrant. By
Memorandum Decision and Order dated May 9, 2011, this Court dismissed the only defendants
named by plaintiff at that time: Richard Brown, Ray Kelly, and the Firearms and Narcotics
Squad of the 100th and 101st Precinct. By Order dated July 6, 2011, this Court directed plaintiff
to identify the individuals whom he believed to be responsible for the alleged deprivation of his
constitutional rights. Following his response, this Court issued a Valentin Order directing
Corporation Counsel to ascertain the names and service addresses of the officers involved in
plaintiff's arrest. The complaint was subsequently amended to add the names of these officers,
and on November 1, 2011, this case was stayed pending resolution of plaintiff's related criminal
prosecution in New York state court.

On February 18, 2012, following the resolution of plaintiff's criminal case, defendants filed a letter requesting a pre-motion conference in order to move for summary judgment. This Court deemed defendants' letter to be their motion for summary judgment and directed plaintiff to file his opposition by March 12, 2012. Plaintiff filed an opposition to the summary judgment motion, including a sworn affidavit. For the reasons stated below, defendants' motion for summary judgment is granted and the case is dismissed.

## BACKGROUND

Plaintiff's home was raided and he was arrested on February 4, 2010, for illegal weapons possession. In his complaint, plaintiff alleged that the raid occurred as a result of an illegal wiretap on his telephone. He also alleged that he was not shown a search warrant or given any explanation for the raid. As part of their motion for summary judgment, defendants submitted a search warrant issued by Justice Robert C. McGann on February 3, 2010, permitting the New York Police Department to search plaintiff's home for firearms. Defendants also submitted a Search Warrant Affidavit, prepared by Police Officer Donnell Myers, which explained that an eavesdropping warrant issued by Justice McGann in 2007 had allowed Officer Myers to gather information indicating that plaintiff's home contained illegal handguns. In the affidavit, Officer Myers recounted telephone conversations wherein plaintiff agreed to fetch a handgun from his home and relay it to an associate.

Plaintiff has been held in custody ever since the raid. On December 23, 2011, he pled guilty to Criminal Possession of a Weapon in the Second Degree. In his opposition papers, plaintiff argues that there was no probable cause for the search warrant to be issued because the conversations described by Officer Myers in the affidavit were hearsay. Plaintiff also makes various arguments that do not have a legal basis, such as "the officers stated that they observe us

2

hold our waist band while exiting our apartment building ok why the officers didn't act if we had guns on us at the time[?]"

Plaintiff also alleges that his right to a speedy trial has been violated and that the officers who raided his home confiscated cell phones that cost $500. He alleges that the defendants have violated his constitutional rights and that he has suffered damage to his mental health. He seeks the return of his property and $10 million in damages.

## DISCUSSION

Summary judgment should be granted if the materials in the record show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When undisputed facts establish a legal defense, summary judgment is appropriate. See, e.g., Rexall Sundown, Inc. v. Perrigo Co., 651 F. Supp. 2d 9, 31 (E.D.N.Y. 2009). The Court is mindful of the "special solicitude" that must be afforded an incarcerated *pro se* plaintiff who faces a summary judgment motion. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). However, proceeding *pro se* does not relieve a litigant from the usual requirements of summary judgment, and plaintiff's submission of a sworn affidavit demonstrates that he understood the necessity to come forward with factual support for his allegations.

Plaintiff does not dispute that he pled guilty to Criminal Possession of a Weapon following the arrest that he claims was unlawful. A § 1983 plaintiff is barred from asserting a false arrest claim if the arrest led to a criminal conviction, since success on such a claim "would necessarily demonstrate the invalidity" of plaintiff's conviction. See Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005); Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994). This principle also applies when the *plaintiff was convicted following a guilty plea.* See

3

Younger v. City of New York, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007). Summary judgment is therefore granted in favor of defendants on the false arrest claim.

It is also undisputed that the weapons uncovered during the allegedly unlawful search formed the basis of plaintiff's conviction for Criminal Possession of a Weapon. Because plaintiff's conviction hinged directly on the weapons procured during this allegedly unlawful search, an award of damages on this claim would necessarily imply the invalidity of his state court conviction. Plaintiff is therefore precluded from recovering damages on this claim under § 1983, and the claim is dismissed. See Heck, 512 U.S. at 487; Williams v. Ontario County Sheriff's Dep't, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) (a § 1983 claim alleging unconstitutional arrest which would render the evidence procured during arrest inadmissible at trial necessarily implies the invalidity of plaintiff's conviction).

Even if plaintiff had not pled guilty, summary judgment in defendants' favor would be warranted on the unlawful search claim. The undisputed evidence shows that the officers had obtained a search warrant for plaintiff's home and had obtained an eavesdropping warrant to intercept his phone calls. "The existence of a valid search warrant necessitates dismissal of plaintiff's claims of unlawful search . . . as a matter of law." Askins v. City of New York No. 09-CV-10315, 2011 WL 1334838, at *2 (S.D.N.Y. Mar. 25, 2011). There is a "presumption of validity with respect to the affidavit supporting a search warrant," United States v. Mandell, 710 F. Supp. 2d 368, 372 (S.D.N.Y. 2010), and plaintiff has presented no facts which call into question Officer Myers's affidavit in support of the search warrant. Plaintiff simply argues that the affidavit included hearsay evidence, but "a finding of probable cause may be based in whole or in part, on hearsay from a reliable informant." Id. at 377. Although plaintiff's complaint alleged that his phone was tapped illegally, he does not contest Officer Myers' sworn testimony

4

that the phone was tapped pursuant to a warrant issued in 2007. This warrant is also presumed to be valid.

Summary judgment is warranted on plaintiff's speedy trial claim because success on this claim would invalidate his criminal conviction. See Heck, 512 U.S. at 487. This claim is therefore dismissed.

Finally, plaintiff's request for appointment of an attorney, raised for the first time in his opposition papers, is denied. There is no right to counsel in civil cases and discretionary appointment of counsel is not warranted when it is clear that "no substantial claim might be brought." Wenger v. Canastota Cent. School Dist., 146 F.3d 123, 125 (2d Cir. 1998) (overruled on other grounds).

## CONCLUSION

Defendants' motion for summary judgment is granted and the case is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       March 29, 2012

5